**John Arthur MINICK, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 1527.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 20, 1954.

Decided Oct. 8, 1954.

Abraham Dobkin, Washington, D. C., for appellant.

Hubert W. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

A jury in the Juvenile Court found appellant to be the father of complainant's illegitimate child and an order was entered requiring him to support the child.

The record shows that the parties have known each other since at least 1941, and that shortly after meeting they became sexually intimate. According to the complainant's testimony, this intimate relationship continued until December 1951. The critical period during which the child was conceived was around September 29, 1951. The complainant testified that she was intimate with appellant on several occasions during this time and had sexual relations with no other man. She testified that appellant admitted being the father when she informed him of her pregnancy. Appellant denied making such a statement. He admitted that he saw the complainant after August 1951, but denied any sexual relations. It was also shown without objection that another child had been born to complainant in February 1946, and that appellant had admitted being the father of the child and has been making regular payments towards its support.

The complainant testified that during their relationship she and appellant had had "fights and fusses" and that there were periods of separation of about ten days to two weeks, but that there was nothing of a serious nature except one occasion when they were apart from September 1950 to March 1951. Appellant admits the separations and contends that they were not minor but, in fact, of long duration and of major importance. During cross-examination complain-

ant was asked if she had ever consulted an attorney concerning appellant. She admitted that she had done so several years ago. She was then shown a letter dated March 1948 and asked whether she had ever seen it before. She replied in the negative. Appellant then offered the letter in evidence for the purpose of attacking the credibility of the complainant. The Government objected to its introduction, and the objection was sustained. The letter, which was written by a local attorney, merely requested that the appellant appear at the attorney's office to discuss a matter of importance and that if he failed to do so steps would be taken to protect the complainant's interest.

Appellant's sole assignment of error is that the trial court erred in excluding the letter. We believe the ruling was entirely correct because the letter at best was merely cumulative evidence. The complainant testified as to the "fights and fusses" and periods of separation. Whether these difficulties were of a minor character or a serious interruption in their relationship was merely a matter of opinion by the respective parties. On cross-examination the complainant, when asked about consulting an attorney, stated that she had. The letter produced by the appellant merely corroborated her statement. Therefore, the admissibility of the letter was within the discretion of the trial judge, and we find no abuse of that discretion in the court's ruling. A review of the record reflects that the issues were factual and that there was substantial evidence to support the jury's verdict.

Affirmed.